NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EMMANUEL SANTALUCIA, | ) | No. C 04-1568 PJH (PR) |
| Plaintiff, | ) ) | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| vs. | ) ) | |
| D. KAYS, R. PARKER, JOSEPH McGRATH, and E. S. ALAMEIDA, JR., | ) ) ) | (Doc 16) |
| Defendants. | ) ) | |

This is a civil rights case brought pro se by a state prisoner. Plaintiff asserts that while being transported from one prison to another he was chained so tightly as to cause injury. The defendants are two officers involved in transporting plaintiff, officers Parker and Kays, and the warden and director of corrections, McGrath and Alameida, who are alleged to have established inhumane policies for chaining inmates being transported. Only the former director of corrections, defendant Alameida, has been successfully served.

Alameida has moved to dismiss on grounds plaintiff did not completely exhaust all his claims before filing the complaint. The motion is unopposed.

**DISCUSSION**

1. Exhaustion rule

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

exhausted." 42 U.S.C. § 1997e(a).  Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory.  Porter v Nussle, 122 S. Ct. 983, 988 (2002).  All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  Id (citation omitted).  Exhaustion is a prerequisite to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  Porter, 122 S. Ct. at 992.

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers.  See id. § 3084.1(e).  In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections.  See id. § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).  A final decision at the director's level satisfied the exhaustion requirement under § 1997e(a).  Id. at 1237-38.

Nonexhaustion under § 1997e(a) is an affirmative defense.  Wyatt v Terhune, 315 F.3d 1108, 1119 (9th Cir 2003).  It should be treated as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment."  Id. (citations omitted).  In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact.  Id. at 1119-20.  If the court concludes that the prisoner has not exhausted California's prison administrative process, the proper

1 | remedy is dismissal without prejudice. Id. at 1120.
2 |     2. Analysis
3 |     It is undisputed that petitioner's grievance did not contain his contention that
4 | movant Alameida knew of, and failed to correct, the inhumane practices.  Therefore, at
5 | least one claim in the complaint is not exhausted.
6 |     Defendants contend that the entire case should be dismissed without prejudice
7 | because of this failure to exhaust.  This court previously considered this issue in Scott v.
8 | Lamarque, No. C 02-5784 PJH (PR), and concluded that a case containing even one
9 | unexhausted claim must be dismissed entirely, rather than just dismissing the
10 | unexhausted claim.  Briefly, the court concluded that the logical consequence when a
11 | prisoner violates a statute which says that "no action shall be brought" would be to
12 | dismiss the entire "action," thus returning the plaintiff to the situation he would have been
13 | in had he complied with the statute.  That is, the statute treats a case as a single entity,
14 | as an "action," and the court should also treat an action which has been brought in
15 | violation of the statute as a whole, by dismissing the entire action.  See Ross v. County
16 | of Bernalillo, 365 F.3d 1181, 1190 (10th Cir. 2004).
17 |     Two Ninth Circuit cases provide analogous support for this result.  Most
18 | importantly, the Ninth Circuit held in a Bivens case that a complaint containing two
19 | claims, one which under then-existing law did not have to be exhausted and one which
20 | did, must be dismissed.  Terrell v. Brewer, 935 F.2d 1015, 1018-19 (9th Cir. 1990).
21 | Given that except for the replacement of a state actor by a federal actor, actions under
22 | 42 U.S.C. § 1983 and Bivens are identical, Martin v. Sias, 88 F.3d 774, 775 (9th Cir.
23 | 1996), this is highly persuasive.
24 |     In the other case, the Ninth Circuit required strict compliance with section
25 | 1997e(a) in holding that a complaint which was unexhausted at the time of filing and in
26 | which exhaustion was completed after filing must be dismissed.  McKinney v. Carey,
27 |
28 |     3

311 F.3d 1198, 1199 (9th Cir. 2002).  To the extent that the rule requiring dismissal of mixed complaints adopted by this court enforces strict compliance with the statute and imposes dismissal as a sanction for failure to strictly comply, it is supported by McKinney.

Finally, the rule means that there is a consequence for the plaintiff of disregarding the statute, thus discouraging prisoners from including unexhausted claims on the chance that the failure to exhaust will not be noticed.  The claim-by-claim procedure does nothing to discourage the filing of mixed complaints, because there is no downside.

Therefore, as a consequence of plaintiff's failure to exhaust his claim against Alameida, the entire case will be dismissed without prejudice.  As an alternative ground for this result, the court notes that even if only the unexhausted claim is dismissed on exhaustion grounds, the other claims must be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure for failure to obtain service.

## CONCLUSION

For the reasons set out above, the court concludes that defendants are correct that the proper sanction for violation of 42 U.S.C. § 1997e(a) is dismissal of the entire case.  The motion to dismiss (doc 17) is GRANTED and the case is DISMISSED without prejudice.  The clerk shall close the file.

IT IS SO ORDERED.

DATED:  August 15, 2005.

_____
PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.04\SANTALUCIA568.DSM

4