UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EMMANUEL SANTALUCIA,

    Plaintiff,

vs.

D. KAYS, R. PARKER, JOSEPH McGRATH, and E. S. ALAMEIDA, JR.,

    Defendants.

No. C 04-1568 PJH (PR)

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

    This is a civil rights case filed pro se by a state prisoner. Plaintiff alleges that while being transported from one prison to another he was chained so tightly as to cause injury.

    The defendants are two officers involved in transporting plaintiff, officers Parker and Kays, and the warden and director of corrections, McGrath and Alameida, who were alleged to have established inhumane policies for chaining inmates being transported. The only defendant who was served, Alameida, moved to dismiss on grounds the claim against him was not exhausted. The court granted the motion and concluding that administrative exhaustion required complete exhaustion of all claims, dismissed the case without prejudice. The Ninth Circuit then held that complete exhaustion was not required, and that if one of several claims is not exhausted only the unexhausted claim should be dismissed. The court then granted plaintiff's motion to reconsider and ordered plaintiff to file an amended complaint containing only exhausted claims. He did so and service was ordered on defendants other than Alameida.

    Defendants Parker and Kays have moved for summary judgment. The motion is opposed, and plaintiff also has filed motions to compel. For the reasons set out below, the motions to compel will be denied and the motion for summary judgment will be granted.

# DISCUSSION

## A. Motion for Summary Judgment

### 1. Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.*

### 2. Analysis

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (ellipsis in original). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer v. Brennan*, 511 U.S. 824, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, i.e., the offending conduct was wanton, *id.* (citing *Wilson*, 501 U.S. at 297); *LeMaire v. Maass*, 12 F.3d 1444, 1451 (9th Cir. 1993).

2

What is required to establish an unnecessary and wanton infliction of pain varies according to the nature of the alleged constitutional violation. *Whitley v. Albers*, 475 U.S. 312, 320 (1986). It is this point – the selection of the applicable standard – that is decisive in this case.

Where an inmate alleges that the conditions of confinement inflict unnecessary suffering upon him, to establish wantonness the inmate must show that prison officials were deliberately indifferent to the inmate's suffering. *Jordan v. Gardner*, 986 F.2d 1521, 1528 (9th Cir. 1993); *see, e.g., Helling*, 509 U.S. at 32-33 (inmate health); *Wilson*, 501 U.S. at 302-03 (general conditions of confinement); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (inmate health). However, whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment, the deliberate indifference standard is inappropriate. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). Instead, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Id.* at 6-7; *Whitley*, 475 U.S. at 320-21.

Here, there are a number of factual disputes generated by the conflict between the declaration of defendant Kays and the verified allegations in plaintiff's complaint.[1] What is not disputed, however, is plaintiff's concession in his deposition that movants did not intend to hurt him. Decl. Patterson, exh. A at 107-08. Thus if the *Hudson* standard applies, requiring a genuine issue of material fact as to whether movants acted maliciously and sadistically with the very purpose of causing harm, movants prevail.

At first blush this is not the usual "excessive force" claim to which the *Hudson* standard applies, but the Ninth Circuit in *LeMaire v. Maass*, 12 F.3d 1444 (9th Cir. 1993), applied the *Hudson* standard in an analogous situation, where an inmate was housed in a security unit and forced to shower in restraints because of his record of violence. *Id.* at 1450, 1452-53. The court reached this conclusion because the restraints (and security housing and other measures) were imposed for reasons of security, and noted that in

---

[1] Plaintiff has not provided any materials in support of his opposition to the motion for summary judgment, but the complaint, being verified, is treated as an opposing declaration. *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995).

3

*Hudson* itself the standard was applied in a situation where "a riot or major disturbance was *not* involved." *Id.* at 1453. Important to the outcome was that the security housing and restraints there were "not . . . . conditions of confinement or indifference to [plaintiff's] medical needs which do not clash with important government responsibilities . . . ." *Id.* at 1452-53. That is, a lesser standard is appropriate to claims such as medical claims, where there is not an important countervailing governmental responsibility, such as security. *See Neal v. Shimoda*, 905 F.Supp. 813, 820 (D. Haw. 1995) ("Where prison officials act . . . to maintain safety and security in the prison, they will only be held to have acted wantonly where they act maliciously and sadistically for the very purpose of causing harm.") (internal quotation marks and citation omitted), *rev'd in part on other grounds,* 131 F.3d 818 (9th Cir. 1997).

For these reasons, the "malicious and sadistic" standard applies. Because it is undisputed that the movants did not intend to hurt plaintiff, their actions could not have been malicious and sadistic. The motion for summary judgment will be granted.

**B.   Motions to Compel**

Although petitioner has filed motions to compel, he does not ask that ruling on the motion for summary judgment be postponed to allow him to complete discovery. Because the motion for summary judgment will be denied, his motions to compel discovery will be denied as moot, and because he did not meet and confer as required by the Federal Rules of Civil and Procedure and the local rules – a requirement with which other prisoners have been able. *See* Fed. R.Civ.P. 37(a)(1); L. R. Civ. 37-1(a).

## CONCLUSION

Plaintiff's motions to compel (documents 46 and 56 on the docket) are **DENIED**. The motion for summary judgment (document 41) is **GRANTED**. The claims against McGrath are **DISMISSED** for failure to obtain service. *See* Fed. R.Civ.P. 4(m). The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  September 30, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.04\SANTALUCIA568.SJ.wpd